GREGORIO JACA LASALLE, peticionario, EX PARTE. JUAN CRUZ y JOSEFA JACA JÁUREGUI; MARCOS, VICENTA y MARÍA CONCEPCIÓN JACA ECHEVARRÍA y MARÍA LACUNZA JACA, opositores y apelados.

Núm. 7922.—*Sometido:* Abril 10, 1939. *Resuelto:* Junio 7, 1939.

30

*Gaspar Encarnación,* abogado del peticionario y apelante; *J. B. García Méndez,* abogado de los opositores y apelados.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Gregorio Jaca Lasalle radicó una petición jurada en la Corte de Distrito de San Juan interesando que en unión de sus hermanos cuyos nombres y direcciones expone, se les declare únicos y universales herederos de su primo Bartolomé Jaca Jáuregui. Expuso en la solicitud que el referido Bartolomé Jaca Jáuregui falleció en Río Piedras, su último domicilio, el 3 de febrero de 1938, sin otorgar testamento, sin

dejar descendientes ni ascendientes, y que sus parientes más próximos lo eran sus primos el peticionario y los hermanos de éste anteriormente aludidos.

Se publicaron edictos para notificar a los que pudieran tener interés en la herencia, y finalmente, por resolución de 31 de agosto de 1938, Gregorio Jaca Lasalle y sus hermanos fueron declarados únicos y universales herederos de Bartolomé Jaca Jáuregui, sin perjuicio de tercero.

En este estado del procedimiento, el 17 de septiembre de 1938 se personaron en autos los hermanos de doble vínculo del finado, llamados Juan Cruz y Josefa Jaca Jáuregui, sus medio hermanos Marcos, Vicenta y María Concepción Jaca Echevarría y su sobrina María Lacunza Jaca, hija legítima de María Rosario Jaca Echevarría, hermana del causante, quien falleció antes que él, el 17 de abril de 1908. Solicitaron los hermanos y sobrina del finado que se dejase sin efecto la resolución de 31 de agosto de 1938 antes citada y que en su lugar se dictase otra declarando a los reclamantes, hermanos y sobrina del finado, únicos y universales herederos de éste.

Oídas las partes, por los méritos de la prueba presentada, la corte inferior con fecha 10 de octubre de 1938 dejó sin efecto su resolución del 31 de agosto, y declaró únicos y universales herederos de Bartolomé Jaca Jáuregui a sus hermanos de doble vínculo, sus medio hermanos y su sobrina anteriormente nombrados, en la forma y proposición que determina la ley.

No conformes con esta resolución, Gregorio Jaca Lasalle y sus hermanos apelaron para ante este tribunal con fecha 14 de noviembre de 1938. Radicaron la transcripción de autos pero no así la de evidencia ni pliego de excepciones y exposición del caso.

Los apelados radicaron el 16 de marzo último una moción interesando la desestimación del recurso por frívolo. Señalada la vista de dicha moción para el 10 de abril, en dicha fecha quedó sometida con informe oral de ambas partes.

32

██ Como los apelantes no han elevado la evidencia a este tribunal, tenemos que concretarnos a determinar la suficiencia del recurso por lo que resulta de la petición de los apelados que motivó la resolución declarándolos herederos, por el escrito de oposición que en la corte inferior radicaron los apelantes, y por la resolución apelada.

██ La petición jurada de los apelados se ajusta estrictamente a las disposiciones del artículo 552 del Código de Enjuiciamiento Civil, edición 1933, que determina las alegaciones que debe exponer una solicitud de declaratoria de herederos.

En su escrito de oposición los apelantes no niegan que los apelados sean hermanos de doble vínculo, medio hermanos y sobrina, respectivamente, del finado Bartolomé Jaca Jáuregui. Limitan su oposición a las siguientes alegaciones:

"1. Que esta Corte no tiene jurisdicción para conocer de la moción para dejar sin efecto la sentencia radicada por Pedro J. Labayen como apoderado de Juan Cruz y Josefa Jaca Jáuregui y Marcos, Vicenta y María Concepción Jaca Echevarría, y María Lacunza Jaca, por desprenderse de la referida moción que existe diversidad de ciudadanía y domicilio entre los peticionarios y los opositores, por lo cual la corte que tiene jurisdicción para conocer de este caso es la Corte de los Estados Unidos para el Distrito de Puerto Rico.

"2. Que aún asumiendo que esta Corte tuviera jurisdicción, la moción no aduce hechos suficientes para constituir una causa de acción a favor de los opositores.

"3. Que de la misma moción de los opositores se desprende que éstos residen en España, por lo cual están obligados de acuerdo con el artículo 342 del Código de Enjuiciamiento Civil de Puerto Rico a prestar cada uno de ellos una fianza por valor de $300.00, antes de proseguirse en este caso;

"4. Que la moción de los opositores es tardía dentro de este caso y que el auto de declaración de herederos que por la misma se pretende impugnar tiene que ser impugnado mediante una demanda en una acción colateral y no dentro de este procedimiento."

La manifiesta improcedencia de los cuatro motivos de oposición precedentemente transcritos es la mejor demostración de la frivolidad del recurso. ¿Qué pertinencia puede

tener en el caso de autos la diversidad de ciudadanía que indican los apelantes? ¿Se trata acaso de un pleito instituído en la Corte de Distrito de los Estados Unidos para Puerto Rico o de alguna petición de traslado para ante aquel tribunal?

El procedimiento que deben seguir los reclamantes en casos como el de autos lo prescribe detalladamente el artículo 553 del Código de Enjuiciamiento Civil (edición de 1933), que dice así:

"Art. 553. Las personas que formulen reclamaciones opuestas a la del peticionario deberán presentar sus *contestaciones* conteniendo sus reclamaciones formuladas contra el peticionario y unos contra otros entre sí. Dispuestos que estuvieren los autos para el juicio, el juez, a petición de alguna de las partes señalará día y hora para la vista dentro de un plazo que no baje de cinco ni exceda de ocho días. En el día señalado el juez oirá el testimonio oralmente, examinará las pruebas que presenten las partes aspirantes en persona o por medio de sus abogados, y, dentro de los seis días siguientes, dictará sentencia, la cual será apelable. Cualquier aspirante podrá presentarse en el curso del juicio para la declaración de herencia, siempre que dicha comparecencia dilatoria no retarde el curso del procedimiento. Después de dictada la resolución firme, cualquier aspirante que no haya sido notificado del procedimiento, y que no haya comparecido en el mismo y tenga un derecho bien fundado a la herencia, podrá formular y hacer valer su derecho contra los que hayan sido declarados judicialmente herederos."

Como aparece del transcrito precepto legal, no es necesario que los reclamantes recurran a un pleito independiente para hacer valer sus derechos. La controversia se resuelve dentro del procedimiento de declaratoria de herederos. Tampoco es de aplicación el artículo 342 del Código de Enjuiciamiento Civil, pues el *status* de los reclamantes en casos como el de autos es más bien el de demandados que el de demandantes. Son traídos ellos al procedimiento a defender sus derechos de las pretensiones adversas de los peticionarios. Por esa razón el artículo 553 supra, a sus reclamaciones las califica de *contestaciones* y no de demandas.

34

Apareciendo de la petición de los apelados que su parentesco con el finado es más próximo que el que alegan tener los apelantes; resultando, además, que su reclamación se ajusta a lo dispuesto en el artículo 552 del Código de Enjuiciamiento Civil (edición 1933), y siendo evidente la improcedencia de las supuestas cuestiones de derecho suscitadas por los apelantes, *procede declarar con lugar la moción de los apelados y desestimar el recurso por frívolo.*